# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID GERARD JEEP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-1856-CAS |
| | ) |
| ST. CHARLES COUNTY D.O.C., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of David Gerard Jeep (registration no. 36072-044) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a letter indicating that he is indigent and cannot obtain a certified copy of his inmate account statement for the six-month period immediately preceding the submission of his complaint. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint and supplement

Plaintiff, a federal pretrial detainee at the St. Charles County Department of Corrections ("SCCDC"), seeks unspecified relief against defendants St. Charles County D.O.C., United States Marshall Lyle Henderson, and United States Attorney General Eric Holder. Plaintiff states that he is bringing this action under 42 U.S.C. § 1985 "for the deprivation of rights, conspiracy." Specifically, plaintiff alleges that the SCCDC is not giving him postmarked envelopes from the mail he receives and is imposing "weekly budgetary lockdowns." He also claims that he is being denied access to a law library.

## Discussion

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination. In fact, plaintiff has not asserted any allegations whatsoever against defendants Henderson and Holder. As such, the instant action will be dismissed as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of December, 2009.